LAND, J.
 

 Standard Electric Construction Company has instituted suit against the Electric Appliance Company and the Sangamo Electric Company to recover of defendants in solido the sum of $3,079.09. This sum represents a commission of 10 per cent, alleged to be due under á verbal contract with defendants on the sales price of Sangamo electric meters, sold by defendants, directly or indirectly, to the Citizens’ Light & Power Company of New Orleans, upon the sole recommendation and advice of plaintiff company.
 

 One of the defendants, the Sangamo Electric Company, is a nonresident corporation with domicile in Springfield, 111.
 

 A writ of attachment was issued by plaintiff company against this defendant, and the Electric Appliance Company, a Louisiana corporation, domiciled in the city of New Orleans, was made garnishee.
 

 Judgment was rendered in favor of defendants, rejecting the demands of plaintiff company, recalling the writ of attachment, and releasing the garnishment made under the writ.
 

 Prom this judgment plaintiff company has appealed.
 

 ' The Sangamo Electric Company js the manufacturer of a certain type of electric meter known as the “Sangamo Electric Meter.”
 

 The Electric Appliance Company is alleged to be the agent for these meters in the city of New Orleans.
 

 The Citizens’ Light & Power Company, at the date of the alleged verbal contract with defendants, March 15, 1922, was engaged in the business of supplying electric current to a certain part of the city of New Orleans. It is alleged that for this purpose said company required the Sangamo meters for installation in the homes and factories to be connected with electric current, and that, in accordance with and in execution of the verbal contract with defendants, the Citizens’ Light & Power Company was supplied by defendants directly, or indirectly through agents, jobbers, or distributors, with a large number of Sangamo meters, for which the total sum of $30,790.92 was paid by the Citizens’ Light & Power Company of New Orleans.
 

 Plaintiff company alleges that, as these meters were purchased by that company solely
 
 *570
 
 as the result of and in consequence of plaintiff’s recommendation and advice, a commission of 10 per cent, on the sales price is due under the verbal contract with defendants,' by the terms of which defendants bound themselves, jointly and in solido, to pay 'the commission.
 

 Defendant companies deny that either of them entered into the verbal contract upon which plaintiff company relies.
 

 In a supplemental petition, plaintiff company alleges that the contract in question was made with petitioner on behalf of the Electric Appliance Company by N. C. Schroeder, a city salesman for said defendant, who was duly authorized to represent defendant and make said contract, and on behalf of the Sangamo Electric Company by H. W. King, the district manager, who was duly authorized to represent defendant and enter into said contract.
 

 The issue, therefore, is resolved into a question of fact.
 

 There was but one interview had on the subject of the payment of the 10 per cent, commission claimed by plaintiff company. This interview took place at the Camp street office of plaintiff company on or about' March , 8,1922.
 

 The only persons present on that occasion were Roberley S. Stearnes, president of the Standard Electric Construction Company, N. O. Schroeder, city salesman of the Electric Appliance Company, and H. W. King, district manager of the Sangamo Electric Company.
 

 Stearnes, the president of plaintiff company, when testifying as a witness on behalf of his company, stated that Schroeder declared at this interview: “Of course, we would be glad to pay you the usual commission on this transaction.”
 

 But when asked, “What did Mr. King say?-’, Stearnes replied: “I do not recall that he said anything particularly. No more than (that) he- was present and heard Mr. Schroeder.
 

 “Q. Mr. King said nothing on the subject of commission?
 

 “A. No, sir, I don’t recall, except he was there, and Mr. Schroeder made the proposition, and I judged Mr. King knew all about it.”
 

 While Schroeder was on the witness stand, he was asked the following question on direct examination by counsel for plaintiff company: “Q. I understand, Mr. Schroeder, that you made an agreement with Mr. Stearnes by which his company was to get a commission based upon the number or volume of meters sold to the Citizens Light & Power Co.
 
 hy the Bangamo Electric Go.,
 
 which commission was to range from 5' per cent to 10 per cent, in accordance with that volume?
 

 “A.
 
 I don’t like to answer that question, your honor.
 

 “The Court: You don’t have to, unless you can, Mr. Schroeder.
 

 “A. Your Honor, I was taking
 
 the contract for the Electric Appliance Go. and not for
 
 the Sangamo Electric Co.
 

 “Mr. Hammett: In other words, the Electric Appliance Co. was to pay a commission on all meters sold to the Citizens’ Light & Power Co., which commission ranged from 3 per cent to 10 per cent?
 

 “A.
 
 I can’t say -that it ranged from 5 per cent to 10 per cent, because this has been so long ago that I don’t know.
 
 But I have that figure on previous contracts that I tooh from other companies.”
 

 It is very clear from the above testimony that Schroeder was acting at the interview
 
 *572
 
 between Stearnes, King, and himself solely on behalf of the Electric Appliance Company, and that nothing that he said on that occasion had any binding effect upon the Sangamo Electric Company, which was represented at the interview by King, the district manager.
 

 Since Stearnes does not testify that King agreed to any commission at that interview, the demand of plaintiff company as against the Sangamo company was properly rejected, as no verbal contract for the payment of commission by this company had been proven.
 

 Besides, King, as a witness for his company, expressly denied that any verbal agreement for the payment of. a commission at all was made at this interview.
 

 That the testimony of Stearnes is not corroborated by the testimony of Schroeder is made evident by the following statements made by Schroeder on the witness stand:
 

 “The Court: Mr. Schroeder my impression is that you said that the plaintiff was to get a rebate which otherwise would go to the customer, and that that rebate would be calculated at the end of the year based upon the volume, and that Mr. Stearnes’ company was to get that at once instead of waiting until the end of the year. Did I understand you correctly?
 

 “A. Judge, you may have understood that, but I didn’t mean that.
 

 “Q. What did you mean?
 

 “A. I meant that he was to get a certain commission and that that rebate could be paid at the first or the last of the year-.
 

 “Q. I ask you what was the agreement with Mr. Stearnes?
 

 “A. Judge, Lour, Honor, I don’t remember
 
 any definite proposition
 
 I made to Mr. Stearnes. It has been so long. The only way I can base it
 
 is on previous business.”
 

 Plaintiff company must prove with legal certainty
 
 a verbal contract
 
 for a 10 per cent, commission in this case, and cannot be permitted to recover on a mere quantum meruit, or upon any proof of custom of the trade as to allowing a commission in such cases.
 

 Besides, the testimony of Schroeder shows that there was no meeting of minds either as to the exact amount of commission to be paid, or as to the duration of the period for which such commission should be received, or as to whether Stearnes would be entitled to a commission if the meters were bought for a reason in which Stearnes in no way contributed.
 

 On the one hand, Stearnes testified that the contract to pay a commission of 10 per cent, on all meters purchased by the Citizens’ Light & Power Company
 
 was for an indefinite
 
 time. On the other hand, Schroeder testified that there was no understanding at all as to the length of time during which the plaintiff company was to get the commission.
 

 Stearnes testified that he was to receive the commission whether or not his recommendation was the contributing cause of the purchase of the meters by the Citizens’ Light & Power Company.
 

 Schroeder testified that that matter did not enter his head at all.
 

 Even upon the theory that plaintiff company bases its right to recover upon sales actually made to the Citizens’ Light & Power Company, as the result of the recommendation by plaintiff company of Sangamo meters, we are satisfied that plaintiff company has failed to make out its case. The evidence shows that the sales resulted from a contract made
 
 directly
 
 by the Sangamo Electric Company with the Citizens’ Light & Power Com
 
 *574
 
 pany, through King, the district manager of the former company, and upon the recommendation of Hutson, an employee of the Citizens’ Light & Power Company. This contract was entered into early in November, 1922. It is clear, from the evidence in the case, that the Sangamo Electric Company made no verbal contract to pay plaintiff company any commission on these sales.
 

 It is also equally clear, from the testimony of Churchill, the president of the Electric Appliance Company, that the proposition made to him by plaintiff company, through Stearnes, of a commission of 10 per cent, on sales of the Sangamo meters to the Citizens’ Light & Power Company, was declined, unless 'the commission should be added to the purchase price.
 

 Judgment affirmed.