Plaintiff in his brief correctly states this case as follows:
"The plaintiff, Tony S. Neal, is a licensed real estate broker in Shreveport, Louisiana. In this suit he appears as the principal and claims a commission of $300.00 subject to a credit of $100.00 due by H. Sherman Reeves, the defendant. The plaintiff averred that his representative and sub-agent, Joseph M. Hayden, secured a listing from the defendant, H. Sherman Reeves, the right to lease or sell a certain piece of real estate, located in Bossier City, Louisiana. The plaintiff contends that the defendant agreed to pay a commission of 3% of the total amount paid under the lease agreement which was secured by the plaintiff's agent for the defendant or 3% of $6000.00, or $180.00 for this commission; and that in the event the lessees to whom the property was leased exercised an option contained in the lease *West Page 797 
to purchase the property that the commission due plaintiff would be 5% of the purchase price, which was fixed at $6000.00, or $180.00 for this commission; and that in the event the lessees to whom the property was leased exercised an option contained in the lease to purchase the property that the commission due plaintiff would be 5% of the purchase price, which was fixed at $6000.00.
"The defendant filed his answer in which he denied all of the allegations of the plaintiff. The plaintiff contended that the property had been sold to the lessees within a year of the signing of the lease agreement, which contained the option to sell the lessees; that the price of the sale was $5000.00, and that, therefore, the plaintiff contended that he was entitled to 5% of the sales price, or $250.00. The agreement as to the commission to be paid was verbal."
The lower court rejected plaintiff's demands and he is prosecuting this appeal. The testimony clearly preponderates in favor of defendant's contentions that there was never a contract between the plaintiff or his agent and defendant, in fact, it is made plain by the evidence in the record that the defendant did not know that plaintiff's agent with whom the contract was alleged to have been entered was a real estate agent until the lease between defendant and his lessee had been executed.
The facts are that defendant was in the process of constructing a building to be used as a restaurant in Bossier City, Louisiana; and that plaintiff's agent, in company with two or three other persons who afterward leased the building from defendant, drove up to the place. Plaintiff's agent asked the defendant if the building was for lease or sale and was told that it was. There was nothing said at the time regarding listing the property with plaintiff. Several days later the lease was agreed upon and executed. After it had been executed plaintiff's agent asked defendant for his commission. This, we are sure, was the first time defendant had any knowledge that a commission was to be claimed from him by the plaintiff or his agent. After arguing over the matter, defendant and the attorney who prepared the lease left the office to secure a cold drink and it was at that time that the attorney suggested to defendant that, although he was not legally bound to plaintiff for any amount, he pay him $100 and get rid of the whole matter. Defendant accepted his suggestion and paid the $100, refusing to pay any greater amount.
The record discloses that plaintiff's agent had for several days been trying to find a location for the people who were in the car with him when he first contacted defendant. He had shown them a number of places in Shreveport and Bossier City. He may have had a contract with those persons who afterwards became defendant's lessees and after that purchased the property, but he certainly had no contract with defendant. If defendant had known that plaintiff's agent was in the real estate business he would have been justified in believing that he was representing the lessee. It would have been a reasonable supposition. There was nothing that transpired from the time of the original approach by plaintiff's agent until the contract of lease was consummated to cause defendant to think he was obligated or would be obligated to plaintiff in any amount if the lease and option were agreed upon and executed.
The plaintiff has failed to make out his case and the judgment of the lower court is affirmed, with costs.