AYRES, Judge.
This is an action by plaintiff, a real estate broker, who seeks to recover of the defendant $250 upon the claim that defendant is indebted unto him in said sum as a real estate sales commission. Plaintiff alleges he solicited the sale of defendant’s property for $5,000 and that he procured a purchaser therefor; that at his suggestion the $250 as his fee or commission was added to the sales price so as to net defendant the sum of $5,000, and that, accordingly, defendant signed a sales agreement with one Eugene Levy wherein she agreed to sell the property to Levy for $5,250, and that, therefore, as he had procured a purchaser for defendant’s property, defendant became obligated to him for his fee or commission of 5% of the sales price.
Defendant denies that she ever employed plaintiff or engaged his services as a real estate agent or broker for the purpose of selling her property, and contends that plaintiff did not represent her but a party who desired to purchase her property, whose name plaintiff concealed from her and refused to disclose, notwithstanding repeated requests therefor; that she refused to accept liability for the payment of any *657 fee or commission to plaintiff, who thereupon, after consulting his principal, advised that his principal would pay the commission and plaintiff added the amount thereof to the consideration in the document that he had defendant sign, and that upon learning the name of the purchaser she refused to sell her property. The sale was never consummated because defendant refused to sell to Levy. From a judgment rejecting his demands plaintiff has appealed.
Defendant predicates her defense primarily upon the contention that since Levy was plaintiff’s principal she owes plaintiff nothing and he must look to his principal for compensation, and further, under the circumstances of the transaction, defendant would not have become obligated to plaintiff unless she accepted and received payment from Levy, which would have included the commission that Levy owed plaintiff, in which instance her obligation would have been merely to pass along or transmit to plaintiff, Levy’s money.
Plaintiff’s recovery is sought upon the basis of an alleged contract with defendant to pay his fee. In counsel’s brief plaintiff’s position is stated thusly:
“Regarding the first point raised above, it should be noted that, as in all contract cases, the existence or non-existence of a contract between plaintiff and defendant is governed primarily by contract law and not by the law of principal and agent. Therefore, those large parts of the record concerned with the principal and agent aspects of the case are of but limited relevancy. There is ample evidence tending to show that a verbal agreement existed between plaintiff and defendant whereby defendant was to pay plaintiff his commission; the commission was earned when the buy and sell agreement was signed evidencing the fact that a ready, willing and able buyer had been procured.”
Defendant’s position is reflected in her counsel’s statement in brief in this language :
“From the foregoing, it is quite apparent that if the Court concludes that, on the basis of the evidence submitted, plaintiff was the agent of the buyer, Levy, he would be entitled to no commission from the plaintiff unless the transaction was completed. In that event, he would obtain his commission simply because it was incorporated in the sales price as a matter of convenience and at the request of the broker. In other words, the seller simply does not owe a commission to the real estate agent when the agent is acting on behalf of the buyer.”
In giving consideration to these contentions the trial court very appropriately stated:
“A careful review of the case has been convincing that it is unnecessary to make a legal determination as to whether the law of contracts or that of principal and agent is to be applied. For, if we view the matter as plaintiff would have us look upon it — that there is a simple factual issue as to a contract to pay a commission — he is not entitled to recovery because the facts on that issue are against him, even when the contradictions are put aside and his own version is accorded absolute verity.
“We have it from Mr. Monsur that he, with knowledge that Mr. Levy would pay $5,000, went to defendant to inquire if she would sell, and upon being informed' that she would sell for $5,000, told her that he would have to receive a 5% commission; thereupon defendant objected to the commission being deducted from the $5,000; that he then went back to Mr. Levy and reported that he had to have a commission and that the price would be *658 $5,250. Mr. Levy agreed to the price hike and signed an agreement to buy which stipulated that price. Thus we have the situation, according to plaintiff, where defendant refused to obligate herself for the commission, and Mr. Levy, upon being told that the price was being increased because defendant could not assume the commission, consented to pay the amount necessary to net defendant the price she demanded plus the agent’s fee, with the result that the agent inserted into the contract a consideration which included the total of the net sales price and the fee.
“Plaintiff has, by his very positive and clear testimony, confirmed defendant in her position that she did not agree to pay plaintiff a commission. All that she did was to consent to the commission being added onto her price with the well understood intention that she would deliver the commission to plaintiff when the sale was accomplished. Clearly, she did not agree to pay plaintiff a fee for producing someone who would pay the price she wanted, and that is the basis of plaintiff’s case.”
We not only fail to find any manifest error in his Honor’s conclusion but find they are fully supported by the record.
In Boykin v. Louisiana Petroleum Corporation 172 La. 574, 134 So. 749, plaintiff alleged that at the instance and request of defendants he procured for them certain oil and gas leases in Richland Parish and sought recovery for services rendered. The court said:
“Plaintiff bases his right of recovery solely upon the ground that these defendants employed him to procure or assemble for them certain oil and gas leases. Having based his right of recovery upon a contract of employment, the burden of proving the contract was upon plaintiff.”
In the. instant case plaintiff, having predicated his demands upon an alleged contract of employment, bore the burden of proof. In the case cited the facts show that plaintiff was actually representing other interests than those of the defendants and, hence, was denied the recovery of a commission.
This court pointed out in Neal v. Reeves, La.App., 4 So.2d 796, that a real estate agent or broker representing the interest of the purchaser cannot recover a commission from the seller in the absence of his agreement or obligation to pay such fee.
Another case in point is that of U. S. Realty Sales of Shreveport v. Rhodes, La.App., 34 So.2d 523, 524, wherein a similar conclusion was reached by this court. In the course of the opinion this court stated :
“The record fails to establish that defendant Rhodes employed plaintiff as a broker or agreed to pay a commission on the sale. On the contrary, we find that plaintiff was primarily representing Kaufman the purchaser and that the agent’s efforts to secure Rhodes’ agreement for his firm to act as his agent were unsuccessful.”
 It has been held that no one can legally claim compensation for voluntary services to another, however beneficial they may be, nor for incidental benefits and advantages accruing to him on account of services rendered tó another by whom he was employed, and that before a legal charge can be sustained there must be a contract of employment either expressly made or superinduced by the law on the facts. Succession of Kernan, 105 La. 592-604, 30 So. 239; Rosenthal v. Cangelosi, La.App. 164 So. 502-506; Moore v. Loe, La.App., 37 So.2d 345.
In Pardue v. Sitman, La.App., 148 So. 288, the prospective purchaser was held liable for the realtor’s commission, *659 notwithstanding that the amount of such fee was included in the sales price of the property.
A consideration of the record as a whole is not convincing that plaintiff has established any definite agreement or contract wherein defendant was to pay plaintiff’s brokerage fee. To the contrary, the evidence shows clearly that defendant most positively refused to obligate herself for such fee or commission. Neither does the proof establish that plaintiff represented the defendant in this transaction. Obviously, he represented the intended purchaser. Accordingly, plaintiff has failed to prove any indebtedness due him on the part of defendant.
Therefore, the judgment appealed is affirmed at appellant’s cost.
Affirmed.