111 So.2d 775

William Stanley BENDER

v.

INTERNATIONAL PAINT COMPANY, Inc. and J. Patrick Gordon.

No. 43803.

April 27, 1959.

Rehearing Denied June 1, 1959.

Henican, James & Cleveland, C. Ellis Henican, New Orleans, for plaintiff-appellant.

Faris, Leake & Emmett, Camille A. Cutrone, Vosbein & Gruber, Henry C. Vosbein, New Orleans, for defendants-appellees.

PONDER, Justice.

Plaintiff, a qualified realtor, brought suit against defendants in solido, for the recovery of a real estate commission in the sum of $2,160. From a judgment rejecting his demands and dismissing his suit, plaintiff has appealed.

In his petition, plaintiff-appellant, alleges that he was contacted by Mr. Lamb, representative of International Paint Company, Inc., and was requested by Lamb to aid in locating warehouse facilities for International; that plaintiff advertised for a prospective location and in response to the advertisement, J. Patrick Gordon contacted plaintiff and offered warehouse facilities owned by Gordon; that although there was no agreement between plaintiff with either International or Gordon for the payment of a commission, that after negotiations International entered into a lease with Gordon for the premises; that plaintiff was the procuring cause in securing a tenant for Gordon and the securing of warehousing space for International; that plaintiff has rendered valuable services to both defendants, and therefore is entitled to be compen-

sated on the basis of quantum meruit by both defendants in solido.

In answer both defendants, hereinafter referred to as International and Gordon, deny liability for a commission averring that there was no contract either express or implied. It is the position of International that according to custom, fees for the rental of property are payable by the lessor.

The reasons for the judgment of the lower court in dismissing plaintiff's suit were as follows:

"1. Under the jurisprudence a real estate agent or broker can recover a commission only in the event he proves an express or implied contract for the payment thereof.

"2. There was no express contract between the plaintiff and either of the defendants and I am unable to imply any from the facts of this case.

"3. While it is true the plaintiff was the procuring cause of the lease agreement entered into between the two defendants, and while each defendant benefited therefrom, and while neither defendant had reason to believe plaintiff's services were gratuitous, this is not sufficient under the jurisprudence to entitle plaintiff to recover his commissions absent proof of an express or implied contract between plaintiff and the defendants, or one of them, for the payment thereof."

It is argued on this appeal by appellant that if there was no express agreement, which it is conceded there was not, there was nevertheless an implied agreement; in, the alternative, appellant argues that no agreement is necessary since he was the procuring cause for the lease and he must be compensated on a quantum meruit basis for his services.

It appears from plaintiff's testimony that when Lamb was negotiating with him regarding the sub-lease of the property Lamb was living in, Lamb stated to plaintiff that he was looking for a warehouse and inquired if plaintiff had anything available. The plaintiff examined his files and informed Lamb that he had nothing of that nature listed. Nothing more was said between Lamb and plaintiff, but at a later date, unbeknown to Lamb, the plaintiff placed an advertisement in the paper. In response thereto Gordon contacted plaintiff and was informed that Lamb wished to rent a warehouse for International. The plaintiff admits that he did not place the ad in the paper on behalf of International but did so on his own account.

The record shows that after Gordon contacted plaintiff due to an ad in a newspaper, plaintiff went to inspect the premises with Gordon. Subsequently there were meetings with all three parties at various times ultimately resulting in the confection of the lease in June of 1955. At the confection of the lease, plaintiff was not present and the

provision contained in the usual lease form regarding commission to be paid by the lessor was stricken out by Gordon and initialed by both Gordon as lessor and Lamb (for International) as lessee. When Gordon spoke to plaintiff, plaintiff referred to International as "my client".

It is undisputed that Lamb first contacted plaintiff about securing a place to rent, that plaintiff was the one who introduced Gordon and Lamb in response to Gordon's call about the advertisement, and that plaintiff took part in some of the negotiations and discussions leading up to the signing of the lease.

Gordon defends on the ground that Lamb solicited plaintiff to locate warehouse facilities and at all times plaintiff was acting on Lamb's behalf. Gordon denies that custom can control, citing and relying upon Doll v. Firemen's Charitable and Benevolent Association of New Orleans, La.App., 8 So.2d 156.

International defends on the ground that there was no contract of employment and it is the custom for real estate commissions to be paid by vendors or lessors exclusively. Alternatively International contends that Lamb as an agent for International had no authority to contract for the payment of such commission.

Plaintiff-appellant relies upon the holding in the cases of Doll v. Albert Weiblen Marble & Granite Co., Inc., 207 La. 769, 22 So. 2d 59. .

In the case of Doll v. Firemen's Charitable and Benevolent Ass'n, La.App., 8 So.2d 156, 157, wherein this Court denied a writ of review, it was there contended by the plaintiff, real estate agent, that there was a quasi contract resulting from the negotiations for the leasing of the defendant's property which entitled plaintiff to recover on a quantum meruit basis. The argument was made in that case, as in the case under consideration, that it is always custom for the lessor to pay the real estate broker's commission. The court concluded that custom is not controlling and from the facts the defendant was justified in believing that it was dealing with an agent of the lessee who had been employed to find a suitable place for the erection of a building for use in connection with its business. It was squarely held in that case that "It is settled law that before a legal charge can be made, there must be a contract of employment, either expressly made, or logically implied from the facts and that no one can claim compensation from one who did not employ him, however beneficial or valuable the services may prove to the latter." Quoting from Jonas & Co. v. Itzkovitch & Copeland, 9 Orleans App. 168. And relying upon the following Succession of Kernan, 105 La. 592, 30 So. 239; Standard Electric Construction Co. v. Electric Appliance Co., 170 La. 567, 128 So. 517.

In the later case of Doll v. Albert Weiblen Marble & Granite Co., 207 La. 769, 22

So.2d 59, a sequel to the previous Doll case, the defendant admitted that it employed the plaintiff to secure a lease of a particular building picked out by the defendant. The court correctly held that the jurisprudence of this state is to the effect that where one *employs* the services of another without specifying what compensation will be paid therefor he is bound to compensate the person so employed or who performs such a service.

But a discussion of these cases undoubtedly shows that there must be some employment or agreement in order to recover on quantum meruit. In the present case since plaintiff admits that he had no agreement whatsoever with either defendant as to employment or payment, he cannot recover from either.

The plaintiff alleges in his petition the following:

"For the services rendered to International and Gordon, respectively, petitioner, as realtor, is entitled to be compensated; and there was no agreement between petitioner and International on the one hand or with petitioner and Gordon on the other hand, providing for the compensation due petitioner for his said services. * * * Petitioner, therefore, seeks his compensation on the basis of quantum meruit * * *."

According to the testimony of the plaintiff he never discussed with either of the

contracting parties the compensation that might be due him or who was to pay it.

Lamb and Gordon both testified that they never discussed compensation with plaintiff nor had they been asked about compensation. Lamb admitted that he called plaintiff about securing warehouse facilities, he having done business with plaintiff previously, but he had also called several other real estate agents and asked the same question. He testified that on previous occasions he had paid plaintiff commission when he was the lessor but not when he was the lessee.

There was no express or implied contract between International and plaintiff because the plaintiff admits that when he went to Lamb's office to see the lease he informed Lamb that he intended to see Gordon about his commission which he took to be due him by Gordon. At no time did plaintiff request the payment of a commission by Lamb. There was no agreement express or implied with Gordon for the payment of compensation to the plaintiff. At the time the plaintiff examined the lease in Lamb's office he undoubtedly saw that the provision for the payment of a commission was stricken from the lease form and plaintiff made no complaint about this fact. The very nature of his suit, by suing both parties, in solido, and the facts alleged in his petition indicate that there was no contract of employment either express or implied and that plaintiff is now seeking to recover on a

quantum meruit basis solely as a procuring cause. The procuring cause is not sufficient in the absence of employment or an express or implied contract.

For the reasons assigned, the judgment is affirmed at appellant's cost.