AYRES, Judge.
This is an action by plaintiff for the recovery of a real estate brokerage fee under an alleged oral contract with defendant. From a judgment rejecting his demands, plaintiff appealed.
The basis of plaintiff’s claim is the aforesaid agreement with defendant allegedly granting plaintiff a nonexclusive right to sell a cafe or grill owned by defendant, known as “Murrell’s Grill No. 1,” for an approximate price of $19,000, upon which plaintiff was to receive 10% commission.
Pursuant to this alleged oral agreement, plaintiff asserts he advertised the property *73 for sale and interested certain named individuals in its purchase, procured an 'agreement from them to purchase the property for $18,000, which offer was accompanied by a deposit of $2,000 to bind the agreement, and that, although the offer was refused by the defendant, the defendant later consummated a sale with the same parties.
Material is plaintiff’s contention that the sale finally negotiated and completed resulted directly from his efforts, particularly from his advertisement of the property. Defendant denied categorically plaintiff’s allegations and contended that he never negotiated with plaintiff, nor did he enter into any agreement with plaintiff relative to the sale of the property.
The basis of plaintiff’s claim is an alleged contract. Plaintiff, therefore, has the burden to establish, with certainty and by a preponderance of the evidence, the agreement constituting the basis of his claim.
A detailed review of the testimony is deemed unnecessary, although it has been given thorough consideration. Plaintiff’s affirmative assertions were as positively denied by the defendant. Moreover, the property advertised by plaintiff was shown not to be that of defendant but the property of another party. While it is true plaintiff procured an offer for the purchase of defendant’s property, accompanied by a check to bind the agreement, the record does not establish that this was done pursuant to or under any agreement with the defendant. Nor was it shown that defendant ever obligated himself to plaintiff.
Appropriate to the legal principles involved here is an observation made in Rosenthal v. Cangelosi, La.App. 1st Cir., 1935, 164 So. 502, 503. There it was stated:
“While it is a well-recognized principle of law that an owner cannot deprive a real estate agent or broker of his commission in a deal or transaction, by taking the matter out of his hands and dealing directly, to his advantage,, with the interested party on the other end, it is equally well settled that im order for the broker to recover under such -circumstances, he must show that he had an express contract with the owner, or one that can definitely he implied from the relations existing between them, and that he rendered the service under such contract.” (Emphasis supplied.)
Appropriate also is the reference made in the aforesaid case to an observation contained in 4 R.C.L., p. 298, “Brokers,” § 43, wherein it was stated:
“As it takes two to make a bargain, a broker is not entitled to be compensated for his services unless they were rendered pursuant to the express or implied request of his employer. To-warrant a recovery upon his part he must have been actually employed by the person he is seeking to hold liable, for otherwise there would be no legal basis for his claim to compensation notwithstanding the fact that a purchaser may have been found through information furnished by him. The calling of a broker is not preferred in the eye of the law to that of other occupations, and he is no more entitled to remuneration for services voluntarily rendered without any employment, express or implied, than any other member of the community. While a contract of employment may be implied from subsequent acts of ratification on the part of the alleged principal, to warrant the inference of a previous request, the owner must say or do something tending to prove that he accepted the broker as his agent in the matter— something more than merely selling to> the party whom the broker, while acting as a volunteer, brought to him, i¡í % ífí
See, also, 8 Am.Jur., pp. 1077-1079, “Brokers,” §§ 158-159.
*74 The principle was perhaps more concisely stated in Doiron v. Woodruff, La.App. 1st Cir., 1945, 23 So.2d 366, 368, wherein this language was used:
“In order for a broker to recover a commission on the sale of property, he must prove that there was either an express or an implied agreement on the part of the owner to pay a commission. Without such proof, the broker cannot recover compensation for his services, although his services might have resulted in benefit to the owner. * * ”
See, also, Doll v. Firemen’s Charitable and Benevolent Ass’n, La.App. Orleans, 1942, 8 So.2d 156 (writs denied).
As was stated in the Succession of Kernan, 105 La. 592, 30 So. 239, 244:
“ * * * ‘No one can legally claim bompensation for voluntary services to another, however beneficial they may be, nor for incidental benefits and ad-■frantages accruing to him on account of services rendered to another by whom he was employed. Before a legal charge can be sustained, there must be a contract of employment, either expressly made, or superinduced by the law on the facts.’ * * * ” (Emphasis supplied.)
Therefore, where plaintiff’s claim for recovery is predicated upon a contract of employment, the burden of proving the contract is upon plaintiff. Boykin v. Louisiana Petroleum Corporation, 172 La. 574, 134 So. 749; O’Neal v. Lawton, La.App.2d Cir., 1940, 194 So. 906, 907. In the latter case, after the evidence had been reviewed, it was stated:
“* * * Plaintiff avers and defendant denies. Under the law of evidence, plaintiff is required to make out his case by a preponderance of testimony. This has not been done and the failure to do so must result in a judg- • ment for the defendant.”
Applying these principles to the facts here, the conclusion is inescapable that the evidence not only fails to sustain' plaintiff’s claim, but that it definitely preponderates in favor of defendant’s position. This was obviously the conclusion reached by the trial court, and, in this, we find no manifest error.
The judgment appealed is, therefore, affirmed at plaintiff-appellant’s cost.
Affirmed.