HENRY F. TURNER, Judge pro tem.
In this case, the plaintiff brought suit to recover a real estate brokers’ commission, which it claimed to have earned by bringing together the Firestone Tire and Rubber Company and Farm Industries, Inc., the owner of certain property which the Firestone Company leased. Plaintiff alleged that its Vice President, one Mr. Cooper, contacted Mr. E. B. Ludwig of E. B. Lud *351 wig, Inc., concerning the lease of a building site upon which Mr. Ludwig had erected a sign stating the site was for sale and for particulars those interested should contact E. B. Ludwig. Mr. Cooper claimed that he contacted E. B. Ludwig and stated that he had a prospect interested in the property, and that if the lease was consummated, the plaintiff would expect the usual realtors’ fee based on the New Orleans Real Estate Board fee schedule. The plaintiff prayed for a solidary judgment against Farm Industries, Inc., lessor, and E. B. Ludwig, Inc., based on the claim against Mr. Ludwig’s corporation on the theory of undisclosed agency. The case was tried in the lower Court and a judgment rendered against plaintiff rejecting its demands. From that judgment, plaintiff appealed to this Court.
The facts, as shown by the record, show that a Mr. Johnson, who was the representative of Firestone Tire and Rubber Company, desired to obtain a site for the erection of a tire capping plant for his company. Firestone people had done business with the plaintiff on other occasions, and Mr. Johnson, therefore, sought Mr. Cooper to help him in locating and obtaining such a site. Mr. Cooper saw the sign erected on the property which the Firestone Tire and Rubber Company later leased, which read as follows:
“HARAHAN INDUSTRIAL AREA —WE WILL DESIGN AND BUILD WAREHOUSES AND PLANTS TO SUIT TENANT — ALL UTILITIES, STREETS AND RAILROAD FACILITIES — WILL FINANCE — E. B. LUDWG, INC., 901 JEFFERSON HGHWAY, VE. 3-1993.”
Mr. Cooper introduced Mr. Johnson to Mr. Ludwig, and, as a result, the lease of the property was eventually consummated. Mr. Ludwig denied that there was any agreement on his part to pay the plaintiff company or Mr. Cooper any realtors’ fee. According to his testimony, he was under the impression that Mr. Cooper was representing Firestone Tire and Rubber Company and would be paid by them in one way or another. Contrary to this, Mr. Cooper testified positively that he had a definite understanding or verbal agreement with Mr. Ludwig that he or his company would expect the usual brokers’ fee as fixed by the New Orleans Real Estate Board. There is no question in the case but that Cooper brought the parties together, which resulted in the lease of the property. The only question involved is whether or not there was a contract with regard to the lease of the property with the plaintiff or for the payment of a fee to the plaintiff for their efforts in the transaction. The case was tried in the District Court, and the Judge, upon hearing all the evidence and observing the witnesses, concluded that the plaintiff had failed to bear the burden of proving the contract and, therefore, dismissed its suit. It is conceded by the parties that under the holding in Bender v. International Paint Company, Inc., 237 La. 569, 111 So.2d 775, in the absence of a contract for the payment of a commission, a person cannot collect same, although the services were found to be the procuring cause of the sale. The testimony of Mr. Cooper and that of Mr. Ludwig is in direct and irreconcilable conflict. One or the other has palpably and deliberately falsified. From tile record, both men appear to be substantial and responsible businessmen with extensive activities and years of business dealings and experience. While there are a number of suspicious and persuasive circumstances tending to corroborate the testimony of each man, it is impossible for us to determine which of the men is not telling the truth. Mr. Ludwig testified that he was never contacted by Mr. Cooper prior to the February 16 meeting, when he claimed that Mr. Cooper and Mr. Johnson came to his office without an appointment and just happened to catch him in. Mr. Johnson testified that when they went there Mr. Cooper introduced himself first to Mr. Ludwig and then introduced himself, Johnson, to Mr. Ludwig. Mr. Lud *352 wig further stated that during the time they inspected the various lots of Ludwig, Inc. and Farm Industries, Inc., there was no discussion of a realtors’ commission to plaintiff in the event Firestone leased one of the properties. The property eventually leased by Firestone belongs to Farm Industries, Inc. He testified in subsequent meetings with Mr. Johnson the details of the lease and design of the building that Ludwig, Inc. was to build for Firestone on the property were worked out. Plaintiff took no substantial, part in these negotiations.
Mr. Clay of Farm Industries, Inc., testified that Ludwig was not authorized to act as his or Farm Industries, Inc., agent in negotiating a lease of the property. It appears that Clay had previously discussed a site for the plant with Mr. Johnson but that no agreement was ever reached.
Contrary to Mr. Ludwig’s testimony, Mr. Cooper testified that a definite meeting was set up in a telephone conversation on February 12, 1960, with Mr. Ludwig, in which Mr. Cooper was to disclose his lessee, Mr. Johnson of Firestone, and that letters of confirmation were mailed to Mr. Ludwig and Mr. Johnson on the same date. Photographic copies of these letters were offered in evidence. The one to Mr. Johnson bore the initials of the secretary in the left-hand, lower corner. The copy to Mr. Ludwig bore no initials. Both copies were signed by Mr. Cooper, which seems unusual, but there are other letters in the record in connection with other matters in which Mr. Cooper had signed copies. Mr. Johnson received his letter in due course. Mr. Ludwig said he never received the letter. The District Judge saw and heard the witnesses. He had the opportunity to observe their demeanor on the witness stand. Each had a definite interest in the outcome of the case. The Trial Court’s reasons for judgment are brief and afford us no comfort in determining upon what he based his decision. It is, therefore, logical to assume that he simply found that the plaintiff had not carried the burden of proving the contract sued upon. The attorney for plaintiff in the brief has pointed out the absurdity of plaintiff negotiating the lease in the absence of a contract as testified to by Mr. Cooper. It appears, however, that plaintiff company had in previous years represented the Firestone Tire and Rubber Company, and there was a possibility that they would have future and more lucrative business with the company. Plaintiff’s position with regard to this is that Firestone Tire and Rubber Company may have been paying plaintiff for helping them secure the site, and future business would develop, such as constructing the building for Firestone. Without going into the various facts and circumstances leading up to the transaction, suffice it to say that careful consideration of each corroborative fact in the case relied upon by plaintiff and defendant fails to preponderate in plaintiff’s favor, and it is our conclusion that the judgment of the District Court is correct. The judgment of the Trial Court on the question purely of fact will not be reversed unless it is manifestly erroneous. After careful consideration of all the facts in this case, as reflected by the record, we are not prepared to say that the finding of the Trial Court was manifestly erroneous.
It is, therefore, unnecessary for us to consider the question of the agency of E. B. Ludwig, Inc. because in finding that there was no contract, there can be no judgment against anyone — under the decision in the Bender v. International Paint Company, Inc., cited supra. The judgment of the Trial Court is, therefore, affirmed, at defendant’s costs.
Affirmed.