GARDINER, Judge.
Plaintiff, a real estate broker, appeals from a judgment rendered by the First Parish Court of Jefferson dismissing its suit for the recovery of a commission allegedly due by defendant under an implied verbal listing.
Defendant denied that he had any contractual relationship with and incurred no obligation to plaintiff.
The basis of plaintiff’s claim is an alleged contract which it has the burden of establishing, with certainty and by a preponderance of the evidence. This plaintiff has failed to do. Lowenthal v. Stansell, La.App., 135 So.2d 72, and cases therein cited.
Our review of the facts shows that on May 31, 1967, defendant was the owner of property located at 1809 Akron Avenue, Metairie, which he sold to Mr. and Mrs. Clyde E. Mockbee, Jr., on June 16, 1967. Prior to that date, he had listed the property with a real estate broker, Jean Williams Real Estate, but that listing had expired before May 31, although the broker’s “For Sale” sign remained there. Plaintiff’s Mr. Shannon saw the sign and contacted Mrs. Jean Williams as he had a purchaser who might be interested in the property. She told him that she no longer had the listing, but called another agent who she believed did have a listing on it from defendant. Receiving no reply, she phoned defendant and arranged an appointment with him for Mr. Shannon and his client, Mr. Mockbee, to visit the property, which they did about 4:00 p. m., that same day. Not a word was exchanged between Mr. Shannon and defendant. Later defendant received a telephone call from Mr. Shannon who offered, on behalf of Mr. Mockbee, to purchase the property for a certain price, but conditioned upon the acceptance by defendant of a second mortgage. Defendant categorically refused this offer.
Mr. Shannon, defendant and Mrs. Williams testified. Mr. Mockbee was not called as a witness, and there is no evidence to show when he dealt directly with defendant and made the offer to purchase *694 the property on terms acceptable to defendant.
Plaintiff’s contention is that Mr. Shannon was misled by defendant into believing that the property was listed with a real estate broker and that this constituted a verbal listing of the property on the day he showed it, May 31, to Mr. Mockbee, and that he is entitled to a commission inasmuch as he was the procuring cause of the sale.
The record shows that defendant had listed the property with Classic Homes, a real estate broker, on May 22, 1967, but this listing, which was introduced into evidence, had been cancelled by mutual consent of the parties on May 29, 1967, when defendant informed the broker that his daughter wanted to buy the property.
If plaintiff received the impression that defendant listed the property with another real estate agent, the information did not come from defendant for plaintiff himself testified: “In fact, he and I hadn’t anything to say to each other,” on the first and only time that they met on the afternoon when Mr. Shannon and Mr. Mockbee visited the property; nor did they discuss a listing when Mr. Shannon telephoned to defendant and made the offer to purchase. Perhaps the fact that the property had been listed with Classic Homes and Mrs. Williams knew this, gave both Mr. Shannon and Mrs. Williams the impression that that broker still had the listing, when, as a matter of fact it did not. Had they been able to get an answer from the office of Classic Homes, they would have known of the cancellation of the listing.
While the record discloses that Mr. Shannon’s client subsequently purchased the property by dealing directly with defendant, the record is barren of evidence either to show that the sale to Mr. Mock-bee was brought about by virtue of any agreement between plaintiff and defendant or that defendant ever obligated himself in any way to plaintiff.
It is our conclusion that plaintiff did not sustain the burden of establishing its claim. This was evidently the opinion of the trial court and we find no manifest error in his finding.
For the reasons assigned, the judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.