278 So.2d 516 (1973)
A. R. TEAGUE, Plaintiff-Appellant,
v.
Mitchell N. ASHY, Defendant-Appellee.
No. 4169.
Court of Appeal of Louisiana, Third Circuit.
May 30, 1973.
Devillier & Ardoin by J. Michael Morrow, Eunice, for plaintiff-appellant.
McCollister, Belcher, McCleary & Fazio by Sidney D. Fazio, Baton Rouge, for defendant-appellee.
Before FRUGÉ, SAVOY, and DOMENGEAUX, JJ.
*517 FRUGÉ, Judge.
Plaintiff-appellant, Teague, a real estate broker, appeals from a judgment dismissing his suit for the recovery of a real estate broker's commission from defendant-appellee, Ashy. We affirm.
Plaintiff sets out in his original petition that on or about February 4, 1970, defendant contacted plaintiff concerning defendant's desire to purchase approximately 21 acres of land; that plaintiff advised defendant an option to purchase this property was held by Coxe; that at the request of defendant, plaintiff arranged a meeting between defendant and Coxe in Bossier City, Louisiana; that as a result of the meeting between defendant and Coxe, defendant agreed to purchase the property and as a condition expressly agreed to pay plaintiff a 6% commission on the total sale price for his services as real estate agent. Plaintiff then avers that defendant subsequently confirmed in writing his agreement to pay plaintiff a 6% commission on $381,000. Plaintiff finally alleges that as a result of the negotiations between defendant and Coxe, a sale of the property for $384,246 was entered into and consummated on July 2, 1970.
Defendant denied that he had any contractual relationship with or incurred any obligation to plaintiff. He avers that he entered into a purchase agreement with Coxe; that he presently owns the property covered by the purchase agreement; but denies that plaintiff was the procuring cause of any sale of any property by Coxe.
Our review of the record reveals that plaintiff was handling the sale of the property in question for the National Gasoline Company in connection with a pending sale of the land to Coxe. Subsequent to Coxe's securing an option to purchase the land from National Gasoline Company, plaintiff undertook to represent Coxe. While Coxe's option was outstanding, defendant contacted plaintiff on February 4, 1970, and requested that plaintiff arrange a meeting between Coxe and defendant.
Plaintiff, defendant, and Coxe met on February 6, 1970, in Bossier City, Louisiana. Over lunch, the parties discussed a possible business arrangement; tentative plans were made for further discussion.
Subsequent to the meeting, defendant and Coxe resumed negotiations and via a written memorandum dated February 7, 1970, defendant transmitted to Coxe an offer to pay Coxe $381,000 for 31.529 acres of land. In this memorandum defendant offered to provide a 6% commission for plaintiff. The offer submitted by way of the memorandum was never accepted. Defendant and Coxe continued negotiations; plaintiff took no further action in the proposed transfer.
On July 2, 1970, five months after the meeting in Bossier City, defendant and Coxe consummated a sale of 21.347 acres for a consideration of $384,246.
We note the following: (1) plaintiff took absolutely no part in the negotiations subsequent to the introductory meeting in Bossier City; (2) five months after Coxe rejected defendant's initial offer, the vendor and vendee agreed that defendant would pay $3,246 more money for 10.182 acres less land than originally offered in the memo; (3) plaintiff was not involved with and had no knowledge of the original offer contained in the memorandum sent by defendant to Coxe until some indefinite period of time subsequent to the completion of the sale, and (4) plaintiff never made a request upon or even discussed a commission fee with defendant until after the sale was consummated.
There is no dispute that plaintiff brought the parties together; the only question is whether or not a contract was confected between plaintiff and defendant for the payment of a fee to plaintiff.
At the lunch meeting in Bossier City, no final agreement was reached among the *518 parties. Even plaintiff testified that the parties were to discuss the matter of the commission at a later date:
"Q. Now, sir, after Mr. Coxe made a statement concerning the real estate commission what was next discussed?
A. I don't remember just what was said after that.
Q. Did Mr. Ashy say anything about the real estate commission?
A. He said something about we would work this thing out. That they were putting the deal together and they agreed to meetthey did discuss meeting in Baton Rouge at a later date to put it together.
Q. Now, at that particular meeting did Mr. Ashy agree to pay the real estate commission?
A. I don't recall whether he definitely made a statement that he would pay it. I think the terminology he used was, `Oh, we'll work this out,' when the real estate commission was mentioned, and at a later date I assumed that they did." (Tr. 47).
It has been held that no one can legally claim compensation for voluntary services to another, however beneficial they may be, nor for incidental benefits and advantages accruing to him on account of services rendered to another by whom he was employed, and that before a legal charge can be sustained there must be a contract of employment either expressly made or superinduced by the law on the facts. Monsur v. Hoornstra, 95 So.2d 656 (La.App. 2nd Cir., 1957), and Rosenthal v. Cangelosi, 164 So. 502 (La.App. 1st Cir., 1935). In order for a broker to recover a commission on the sale of property, he must prove that there was either an express or an implied agreement on the part of the owner to pay a commission. Without such proof, the broker cannot recover compensation for his services, although his services might have resulted in benefit to the owner. Lowenthal v. Stansell, 135 So. 2d 72 (La.App. 2nd Cir., 1961). Where plaintiff's claim for recovery is predicated upon a contract of employment, the burden of proving the contract is upon plaintiff. Boykin v. Louisiana Petroleum Corporation, 172 La. 574, 134 So. 749 (1931); O'Neal v. Lawton, 194 So. 906 (La.App. 2nd Cir., 1940). In the latter cited case, after the evidence had been reviewed, the court stated that the burden of proof required of plaintiff is a preponderance of testimony.
There can be no doubt that a contract is not legally formed and binding until the proposition is accepted by the person by whom it has been named. Meyers v. Meraux, 174 La. 1031, 142 So. 254 (1932); LSA-C.C. Arts. 1800-1804 and 1809. Furthermore, if an offer is rejected, it cannot be revived by subsequent acceptance because to create a contract, the minds of the parties must meet. S. Litvinoff, La. Civil Law Treatise, Obligations, § 186 (1969).
To entitle plaintiff to recover, he must have had a contract with defendant; plaintiff had no such contract. The written memorandum contains an offer by defendant to create a contractual relationship, however, the offer required acceptance by plaintiff within a reasonable time. The record fails to establish that defendant employed plaintiff as a broker or agreed to pay a commission on the sale.
It is our conclusion that plaintiff did not sustain the burden of establishing his claim; this was the opinion of the trial court and we find no manifest error in his finding.
For the reasons assigned, the judgment appealed from is affirmed at plaintiff's cost.
Affirmed.