ELLIS, Judge:
Plaintiff, Juanena Arnold, d/b/a Nena Arnold & Company Realtor, instituted this action against defendants, Louisiana Health Service and Indemnity Company (Blue Cross), Pringle-Associated Mortgage Corporation (Pringle), and numerous individuals, for a commission on the purchase of certain real property by Blue Cross from Pringle. Plaintiff dismissed her claim against all defendants except Pringle, reserving her right to proceed against it. Trial on the merits of plaintiff’s claim against Pringle resulted in judgment in favor of Pringle and against *1013 plaintiff, dismissing the action at her cost. Plaintiff appealed.
The record reveals that the facts of this case are, essentially, undisputed. In 1976, Blue Cross authorized one of its vice-presidents, Frank Holloway, to locate a site for construction of a new facility. He contacted several realtors, including plaintiff. Plaintiff submitted several prospective sites, one of which was the Bluebonnet tract, the property with which we are concerned herein.
The construction project was deferred until 1978, when Mr. Holloway again contacted plaintiff. Plaintiff again submitted several sites, including the Bluebonnet tract. Mr. Holloway authorized plaintiff to negotiate on behalf of Blue Cross for the purchase of the tract. This authorization was evidenced by a letter from Mr. Holloway to plaintiff. No specific arrangements were made regarding plaintiff’s commission.
Plaintiff contacted J. Burton LeBlanc, agent for Interchange Development Corporation, the purported owner of the property. Apparently, Mr. LeBlanc approved of the proposed purchase price; and plaintiff proceeded to close the deal.
Plaintiff and Mr. Holloway met with Robert Kennon, the attorney for Blue Cross, to discuss the proposed purchase of the Bluebonnet tract. On the subject of plaintiff’s commission, Mr. Holloway suggested that the purchase agreement could provide for a total purchase price and authorize Blue Cross to distribute the monies to all parties concerned, including plaintiff. Mr. Kennon, however, declined to draft the purchase agreement at that time due to the possible interests of other principals.
Thereafter, plaintiff again contacted Mr. LeBlanc, who eventually informed her that the Bluebonnet tract was heavily mortgaged in favor of Pringle. He advised her to contact Mr. Sklar, an official of Pennam-co, of which Pringle was a wholly-owned subsidiary. Mr. Sklar was in charge of administering the Bluebonnet tract.
In response to plaintiff’s inquiry, Mr. Sklar indicated that Pringle was interested in selling its mortgage interest in the property. However, he advised plaintiff that Pringle would not pay her commission. Plaintiff then suggested the same arrangement proposed by Mr. Holloway, i. e., that her commission could be deducted from the excess of the amount her client was willing to pay over the amount Pringle desired to net. Plaintiff even admitted at trial that she considered Blue Cross as her client and that she had no contract of employment with Pringle.
Plaintiff arranged contact between Mr. Sklar and Mr. Rietz, President of Blue Cross. Shortly thereafter, plaintiff was excluded from further negotiations. Pringle and Blue Cross consummated an agreement whereby Pringle eventually obtained full ownership of the Bluebonnet tract and sold it to Blue Cross. Plaintiff received no commission.
Obviously, Blue Cross retained plaintiff to negotiate on its behalf for the purchase of the property. Plaintiff has settled her claim against Blue Cross for a commission. She now seeks a commission from Pringle as the “procuring cause” of the real estate transaction. She submits that she is entitled to a commission from Pringle either under contract or under the doctrine of quantum meruit.
In order to receive a commission for the sale of property, a real estate broker must prove an agreement to pay on the part of the person from whom the commission is sought. Dunaway Realty Co., Inc. v. Pulliam, 364 So.2d 198 (La.App. 1st Cir. 1978); Teague v. Ashy, 278 So.2d 516 (La. App. 3rd Cir. 1973). The agreement may be either written or oral. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977); Young v. Smith, 366 So.2d 982 (La.App. 1st Cir. 1978).
Plaintiff had no written agreement with Pringle and is proceeding herein on the basis of an alleged oral agreement. After careful review of the record, we agree with the finding of the trial court that no agreement, express or implied, existed between plaintiff and Pringle regarding a commission. Rather, we feel that it was *1014 understood by all parties that Blue Cross was plaintiff’s only client and that she must rely solely upon that relationship for her commission. Hence, we reject plaintiff’s claim for a commission from Pringle on the basis of some oral agreement.
Likewise, we reject plaintiff’s claim under the doctrine of quantum meru-it, which may serve as the basis for a real estate commission only in the event that some employment or agreement exists. Bender v. International Paint Company, 237 La. 569, 111 So.2d 775 (1959); Sanders, Miller, Downing & Kean v. Perkins, 269 So.2d 573 (La.App. 1st Cir. 1972). The fact that plaintiff may have been the “procuring cause” of the transaction does not alter the result. See Bender v. International Paint Company, supra. Having found that no agreement, written or oral, express or implied, existed between plaintiff and Pringle regarding a commission, we hold that she is not entitled to one under the doctrine of quantum meruit.
For the foregoing reasons, the judgment of the trial court is affirmed; costs of this appeal are to be borne by plaintiff.
AFFIRMED.