490 So.2d 800 (1986)
Elton DEVILLE, Plaintiff-Appellant,
v.
Lawrence G. PUGH, Jr., Defendant-Appellee.
No. 85-871.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*801 Elton Deville, in pro per.
Privat & Regan, Kenneth O. Privat, for defendant-appellee.
Before DOMENGEAUX, KNOLL, and BROYLES[*], JJ.
KNOLL, Judge.
Plaintiff, Elton Deville, appeals the dismissal of his suit against Lawrence Pugh to recover wages. The trial court concluded that plaintiff failed to establish a contract of employment, verbal or written, therefore, he was not entitled to compensation. On appeal plaintiff contends that the trial court was clearly wrong in its determination. We affirm.
The burden of proving a contract of employment is on the plaintiff. Teague v. Ashy, 278 So.2d 516 (La.App. 3rd Cir.1973). From April 25, 1984, to July 2, 1984, plaintiff, who is not an attorney, worked in Pugh's law office in Crowley. What his duties were is in dispute, but the record is clear that Deville interviewed prospective clients and did general administrative work in the office.
Deville contends that Pugh told him he was unable to pay him a salary but that eventually he would be compensated. Pugh stated that Deville was free to come and go from the office as he pleased, that Deville could use the law office, its equipment, the secretary, and the law library, in exchange for investigative work and interviewing prospective clients, and that this arrangement was conducted on a trial basis. Pugh stated that Deville wanted to learn about the law, and this was the purpose of their in-office relationship. During this time Deville never asked to be paid.
The trial court determined that Deville failed to establish an employment contract. Deville admitted that he and *802 Pugh did not discuss the length of this working arrangement and the rate of pay. LSA-C.C. Art. 2669 defines a contract of hire as one "by which one party gives to the other the enjoyment of ... his labor, at a fixed price." See Hudson v. Allstate Ins. Co., 169 So.2d 598 (La.App. 2nd Cir. 1964). As a general rule for an employer-employee relationship to exist, there must be a contract of employment, either expressed or implied, whereby services are furnished in anticipation of compensation. Vaughn v. Baton Rouge General Hosp., 421 So.2d 288 (La.App. 1st Cir.1982). With these principles in mind, we find that the record does not support that the essential elements of an employment contract existed. Therefore, we find no error in the trial court's ruling.
In brief Deville attempts to raise for the first time an alternative claim in quantum meruit. To state a cause of action for unjust enrichment, plaintiff must allege (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and impoverishment; (4) an absence of justification for the enrichment or impoverishment; and (5) the absence of any other remedy at law. Marceaux v. Town of Lake Arthur, 392 So.2d 783 (La.App. 3rd Cir.1980). Deville sued solely under allegations of contract, therefore, this issue can not be raised for the first time on appeal. See Josey v. Howard Lumber & Supply Company, 232 So.2d 119 (La.App. 2nd Cir.1970). Accordingly, we will not consider this issue.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the trial court and this appeal are assessed to the appellant, Elton Deville.
AFFIRMED.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.